UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT BLEVINS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-CV-1839 JD |
| | ) |
| KOSCIUSKO COUNTY COMMUNITY HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiffs Scott and Lisa Blevins filed a *pro se* complaint alleging claims under 42 U.S.C. § 1983 against the Kosciusko County Community Hospital. [DE 1]. The Plaintiffs also filed a petition for leave to proceed *in forma pauperis*. [DE 2]. While the Plaintiffs meet the financial requirements to proceed without prepaying their filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and internal citations omitted). When a complaint is confusing or lacking in necessary detail, the district court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

The factual allegations in the complaint are as follows, in full:

On Aug. 21, 2014 KCH saw our daughter for minor injury's [*sic*] and treated her without the presence of both parents. The child is a minor! (age) 15

> The same night Aug 21, 2014 Father Scott Blevins was admitted in the Hospital and denied the Mother access of the child.

Even under the liberal pleading standards that apply to *pro se* complaints, these allegations fail to state a claim under § 1983. First, to face liability under § 1983, a defendant must have acted under color of state law, and they must have been personally involved in the alleged acts—there is no vicarious liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010). Here, the Plaintiffs did not allege that Kosciusko County Community Hospital is a governmental entity or that it otherwise acted under color of law, nor have they alleged any facts suggesting that the hospital could be vicariously liable for the specific acts at issue, such as through a written or unwritten policy or the involvement of its policymakers. Second, § 1983 applies only to deprivations of rights guaranteed by the Constitution or by federal law, 42 U.S.C. § 1983; *Baker v. McCollan*, 443 U.S. 137, 146, (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."), and it is not apparent based on these allegations how the Defendant violated any of the Plaintiffs' rights under federal law.

Therefore, the complaint fails to state a claim on which relief may be granted, and must be dismissed. If the Plaintiffs wish to pursue this matter further in this Court, they must file an amended complaint alleging facts that state a claim over which this Court has jurisdiction.

For the foregoing reasons, the court:

(1) STRIKES the complaint [DE 1];

(2) TAKES the *in forma pauperis* petition [DE 2] under advisement;

(3) GRANTS the Plaintiffs to and including October 20, 2014, to file an amended complaint; and

(4) CAUTIONS the Plaintiffs that if they do not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: September 2, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court